HEATHER E. WILLIAMS, Bar #122664
Federal Defender
CHARLES LEE, Bar #221057
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, CA 93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorneys for Defendant
ARIANA JASMIN PAREDEZ

FILED

JAN 28 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:11-MJ-00230 BAM-2 |
| Plaintiff, | |
| vs. | REQUEST FOR RETURN OF PASSPORT, EXHIBITS THERETO and ORDER |
| ARIANA JASMIN PAREDEZ, | |
| Defendant. | |

Defendant, by her attorney, hereby moves the Court for an Order directing the Clerk of this Court to return defendant's Passport as it no longer needs to be held as a condition of pretrial release.

In support of this request, the defendant offers the following:

1. Ariana Jasmin Paredez was charged and prosecuted in the District of North Dakota under Case No. 3:11-CR-136-2.

2. As a resident of Bakersfied, California, Ms. Paredez was arrested in California and made an initial appearance before this Court, which then established the conditions of pretrial release. Among the conditions of pretrial release was a condition she surrender her Passport.

3. On or about November 4, 2011, Passport No. 462368211 belonging to Ariana Jasmin Paredez was surrendered and received by the Clerk of this Court. It is shown as

Document No. 6 upon the records of this Court under the case number captioned above.

4. On January 17, 2013, Ms. Paredez was convicted of Money Laundering in the U.S. District Court for the District of North Dakota (Case No. 3:11-CR-136-2). She was sentenced to 24 months' imprisonment, followed by 3 years of Supervised Release. A copy of that Judgment in a Criminal Case is attached as Ex. 1. A copy of the Amended Judgment is also attached (corrected USM number shown on original Judgment) as Ex. 2.

5. Ms. Paredez has completed the term of imprisonment and approximately one year of her supervised release. She is being supervised by Sarah L. Kirk, U.S. Probation Officer, 2500 Tulare, Suite 3401, Fresno, California, 93721. Ms. Kirk has indicated the probation office does not oppose return of Ms. Paredez's Passport. A copy of her e-mail to counsel is attached to this request as Ex. 3.

6. Defense counsel has also contacted the U.S. Attorney that prosecuted Ms. Paredez to solicit his position on this issue. Mr. Myers has indicated he has no objection to return of the Passport to Ms. Paredez. A copy of his e-mail is attached to this request as Ex. 4.

7. There appears to be no reason to retain the Passport of Ms. Paredez any longer. The pretrial release which required its surrender has been concluded, and neither the prosecutor nor her current probation officer has any objection to its return.

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: January 27, 2016

/s/ Charles Lee
CHARLES LEE
Assistant Federal Defender
Attorneys for Defendant
ARIANA JASMIN PAREDEZ

///
///
///
///

ORDER

IT IS ORDERED that Defendant Ariana Jasmin Paredez's Passport shall be returned to the defendant forthwith.

Date: 1/28/16

BARBARA A. McAULIFFE
United States Magistrate Judge

**EXHIBIT 1**
[To Defendant Ariana Jasmin Paredez's Request for Return of Passport]

**Judgment**

AO 245B (Rev. 6/05) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## District of North Dakota
### Southeastern Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| **Ariana Jasmin Paredez** | Case Number: **3:11CR136-2** |
| | USM Number: 67847-097 |
| | Sara Sorenson, Fargo, ND |
| | Defendant's Attorney |

**THE DEFENDANT:**

plead guilty to count 2 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count, which involves the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1856(h) | Money Laundering conspiracy to conceal & disguise nature, location, ownership, & control of proceeds of specified unlawful activity 18 USC 1856(h) | 09/2010 | 2 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100, for count 2 of the Indictment, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court, Quentin N. Burdick, U.S. Courthouse, 655 1ˢᵗ Avenue North, Suite 130, Fargo, North Dakota 58102.

Counts 1 and 3 are DISMISSED upon motion of the Government.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

January 17, 2013
Date of Imposition of Judgment

*[Signature]*
Signature of Judicial Officer

RALPH R. ERICKSON, Chief U.S. District Judge
Name & Title of Judicial Officer

January 24, 2013
Date

Exhibit 1

AO 245B (Rev. 3/04) Sheet 2 - Imprisonment

| | | |
|---|---|---|
| CASE NUMBER: | 3:11CR136-2 | Judgment - Page 2 of 4 |
| DEFENDANT: | Ariana Jasmin Paredez | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of TWENTY-FOUR (24) MONTHS IMPRISONMENT. Defendant shall receive credit for time served on same State court charge which was dismissed at State level, which the court believes is 19 days.

The court makes the following recommendations to the Bureau of Prisons:

    That the defendant be placed in a facility located as close as possible to her place of residence in Bakersfield, California.

    The defendant has an obligation to support her child, and while the defendant is in the custody of the BOP and she is employed through UNICOR, the defendant shall pay 75 percent of her earnings for the month. If the defendant is not employed by UNICOR, payments shall be equal to 25 percent of the inmate's earnings, or not less than $25 per quarter. Payments shall begin upon issuance of the inmate's first payment from the BOP.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

before 12 noon on Tuesday, February 19, 2013.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

    Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


                                                              UNITED STATES MARSHAL

                                          By _____

                                                       Deputy U.S. Marshal

AO 245B (Rev. 08/05) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 3:11CR136-2 | Judgment - Page 3 of 4 |
| DEFENDANT: | Ariana Jasmin Paredez | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __3 YEARS__.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant has been convicted of an offense listed in the DNA Analysis Backlog Elimination Act of 2000 or the Justice for All Act of 2004. These acts require the defendant to cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties page of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 3:11CR136-2 | Judgment - Page 4 of 4 |
| DEFENDANT: | Ariana Jasmin Paredez | |

## SPECIAL CONDITIONS OF SUPERVISION

1. As directed by the Court, if during the period of supervised release the supervising probation officer determines the defendant is in need of placement in a Residential Re-Entry Center (RRC) the defendant shall voluntarily report to such a facility as directed by the supervising probation officer, cooperate with all rules and regulations of the facility, participate in all recommended programming, and not withdraw from the facility without prior permission of the supervising probation officer. The Court retains and exercises ultimate responsibility in this delegation of authority to the probation officer. See United States v. Kent, 209 F3d 1073 (8th Cir. 2000).

2. Defendant shall submit her person, residence, workplace, vehicle, computer and/or possessions to a search conducted by a supervising probation officer based upon evidence of a violation of a condition of supervision Failure to submit to a search may be grounds for revocation, additional criminal charges, and arrest. The defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

3. Defendant shall disclose her financial situation at the request of the supervising probation officer.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____   _____
        Defendant                                                                Date

_____   _____
U.S. Probation Officer/Designated Witness                   Date

## FINDINGS JUSTIFYING SPECIAL CONDITIONS

a. Upon release from the Institution the defendant may have trouble securing stable employment. The use of a residential reentry center may aid the defendant in this transition.
b. Defendant is charged in laundering funds, it will be important to ensure all her money is coming from legitimate sources.
c. The instant offense is related to the distribution of narcotics
d. During a search of the defendant's home narcotics were found throughout the residence.

**EXHIBIT 2**
[To Defendant Ariana Jasmin Paredez's Request for Return of Passport]

**Amended Judgment**

U.S. District Court, Eastern District of California, Case No. 1:11-mj-00230-BAM-2
Case 1:11-mj-00230-BAM Document 18 Filed 01/29/16 Page 10 of 17
Case 3:11-cr-00136-RRE Document 111 Filed 01/25/13 Page 1 of 4

AO 245B (Rev. 6/05) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## District of North Dakota
### Southeastern Division

| UNITED STATES OF AMERICA<br>v.<br>**Ariana Jasmin Paredez** | *Amended **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | Case Number: **3:11CR136-2** |
| | USM Number: 67846-097 |
| | Sara Sorenson, Fargo, ND<br>Defendant's Attorney |

**THE DEFENDANT:**

plead guilty to count 2 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count, which involves the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1856(h) | Money Laundering conspiracy to conceal & disguise nature, location, ownership, & control of proceeds of specified unlawful activity 18 USC 1856(h) | 09/2010 | 2 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $100, for count 2 of the Indictment, which shall be due immediately. Said special assessment shall be made to the Clerk, U.S. District Court, Quentin N. Burdick, U.S. Courthouse, 655 1st Avenue North, Suite 130, Fargo, North Dakota 58102.

Counts 1 and 3 are DISMISSED upon motion of the Government.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

*Corrected USM Number

January 17, 2013
Date of Imposition of Judgment

*signature*
Signature of Judicial Officer

RALPH R. ERICKSON, Chief U.S. District Judge
Name & Title of Judicial Officer

January 25, 2013
Date

Exhibit 2

AO 245B (Rev. 3/04) Sheet 2 - Imprisonment

| | | |
|---|---|---|
| CASE NUMBER: | 3:11CR136-2 | Judgment - Page 2 of 4 |
| DEFENDANT: | Ariana Jasmin Paredez | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of TWENTY-FOUR (24) MONTHS IMPRISONMENT. Defendant shall receive credit for time served on same State court charge which was dismissed at State level, which the court believes is 19 days.

The court makes the following recommendations to the Bureau of Prisons:

That the defendant be placed in a facility located as close as possible to her place of residence in Bakersfield, California.

The defendant has an obligation to support her child, and while the defendant is in the custody of the BOP and she is employed through UNICOR, the defendant shall pay 75 percent of her earnings for the month. If the defendant is not employed by UNICOR, payments shall be equal to 25 percent of the inmate's earnings, or not less than $25 per quarter. Payments shall begin upon issuance of the inmate's first payment from the BOP.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

before 12 noon on Tuesday, February 19, 2013.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 3:11CR136-2 | Judgment - Page 3 of 4 |
| DEFENDANT: | Ariana Jasmin Paredez | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of __3 YEARS__.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant has been convicted of an offense listed in the DNA Analysis Backlog Elimination Act of 2000 or the Justice for All Act of 2004. These acts require the defendant to cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties page of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release

| CASE NUMBER: | 3:11CR136-2 | Judgment - Page 4 of 4 |
|---|---|---|
| DEFENDANT: | Ariana Jasmin Paredez | |

## SPECIAL CONDITIONS OF SUPERVISION

1. As directed by the Court, if during the period of supervised release the supervising probation officer determines the defendant is in need of placement in a Residential Re-Entry Center (RRC) the defendant shall voluntarily report to such a facility as directed by the supervising probation officer, cooperate with all rules and regulations of the facility, participate in all recommended programming, and not withdraw from the facility without prior permission of the supervising probation officer. The Court retains and exercises ultimate responsibility in this delegation of authority to the probation officer. See United States v. Kent, 209 F3d 1073 (8th Cir. 2000).

2. Defendant shall submit her person, residence, workplace, vehicle, computer and/or possessions to a search conducted by a supervising probation officer based upon evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation, additional criminal charges, and arrest. The defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

3. Defendant shall disclose her financial situation at the request of the supervising probation officer.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____    _____
Defendant                                                                             Date

_____    _____
U.S. Probation Officer/Designated Witness                                    Date

## FINDINGS JUSTIFYING SPECIAL CONDITIONS

a. Upon release from the institution the defendant may have trouble securing stable employment. The use of a residential reentry center may aid the defendant in this transition.
b. Defendant is charged in laundering funds, it will be important to ensure all her money is coming from legitimate sources.
c. The instant offense is related to the distribution of narcotics
d. During a search of the defendant's home narcotics were found throughout the residence.

# EXHIBIT 3
[To Defendant Ariana Jasmin Paredez's Request for Return of Passport]

## E-mail from Sarah L. Kirk

U.S. District Court, Eastern District of California
Case No. 1:11-mj-00230-BAM-2

**Robert G. Hoy**

**From:** Sarah_Kirk@caep.uscourts.gov
**Sent:** Wednesday, January 20, 2016 4:55 PM
**To:** Robert G. Hoy
**Subject:** Arianna Paredez

Mr Hoy,

In regards to Arianna receiving her passport, the best number to contact is the Clerks Office here in Fresno at 559 499 5600.

The probation office is not in opposition to Arianna having her passport returned to her. However, should she receive it, any international travel must be approved by the Court through the probation office.

Sincerely


Sarah L. Kirk
United States Probation Officer
2500 Tulare Suite 3401
Fresno CA 93721
(559) 499 5701
Fax: (559) 499 5736

"No Act of Kindness, No Matter How Small is Ever Wasted" - Aesop


CONFIDENTIAL

This transmission (and/or the documents accompanying it) may contain confidential information belonging to the sender which is protected by federal law and local federal court policy. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. If you have received this transmission in error, please notify us.


This email has been scanned by the Securence Email Security System on behalf of Netrix IT. If this email is SPAM please report it by clicking Submit Spam

Exhibit 3

1

## EXHIBIT 4
[To Defendant Ariana Jasmin Paredez's Request for Return of Passport]

## E-mail from Chris C. Myers

**Robert G. Hoy**

**From:** Myers, Chris.C (USAND) <Chris.C.Myers@usdoj.gov>
**Sent:** Thursday, January 21, 2016 3:38 PM
**To:** Robert G. Hoy
**Subject:** RE: USA v. Ariana Paredez   Ct. file #3:11CR 00136-2

Hi Bob. I have no objection.

Chris Myers
United States Attorney
District of North Dakota
701-297-7400
"One team, one voice, one fight."

**From:** Robert G. Hoy [mailto:RHoy@OhnstadLaw.com]
**Sent:** Thursday, January 21, 2016 3:36 PM
**To:** Myers, Chris.C (USAND)
**Subject:** FW: USA v. Ariana Paredez Ct. file #3:11CR 00136-2

**From:** Robert G. Hoy
**Sent:** Thursday, January 21, 2016 3:34 PM
**To:** chris.c.meyers@usdoj.gov
**Subject:** USA v. Ariana Paredez Ct. file #3:11CR 00136-2

Chris;
  You prosecuted this case back in 2011. It involved Henry "Dirty" Paredez, his father, and his wife, Ariana. I represented Ariana, who lives in California. Ariana pleaded guilty to Money Laundering and was sentenced to 24 months incarceration followed by 3 years of Supervised Release. She has served her time and has only about 2 years left on her supervised release. She is supervised by Sarah L. Kirk, USPO, in Fresno, CA.
  Ariana contacted me recently to ask assistance in getting her Passport returned to her. I have made a number of calls to locate it and figure out how to get it back to her. It was surrendered to Pretrial Services in California as a condition of her release on your case and is presently held by the federal court there in file # 1:11-mj-00230-BAM-2. Her probation officer has confirmed by email that they don't have any objection to the Passport being returned. I can send you a copy of that email if you wish. The Clerk tells me that my Motion should address whether the prosecutor has any objection to its return, which prompts this email.
  If you have no objection to its return, I would appreciate a short email to that effect which I can attach to my Motion paperwork. Let me know if you have any questions.   Thanks. Bob

Robert G. Hoy
Ohnstad Twichell, P.C.
901 - 13th Avenue East
P.O. Box 458
West Fargo, ND 58078-0458
TEL (701) 282-3249

**Exhibit 4**

1